# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Fredrick Dewayne Hines,

        Petitioner,                               **Case No. 16-cv-2345 (DSD/SER)**

v.

Michelle Smith,                                    **REPORT AND RECOMMENDATION**

        Respondent.

STEVEN E. RAU, United States Magistrate Judge

The above-captioned case comes before the undersigned on Petitioner Fredrick Dewayne Hines's ("Hines") Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition") [Doc. No. 1] and Respondent Michelle Smith's (the "State") Motion to Dismiss Petition for Writ of Habeas Corpus ("Motion to Dismiss") [Doc. No. 12]. This matter has been referred for the resolution of pretrial matters pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. For the reasons stated below, the Court recommends the Motion to Dismiss be granted and this action be dismissed.

**I.    BACKGROUND**

    **A.    Background in State Court**

Following a bench trial, on September 25, 2014, the state district court convicted Hines for the following crimes against his girlfriend, M.T.: first-degree criminal sexual conduct, third-degree criminal sexual conduct, terroristic threats, domestic assault, and second-degree assault.[1] *Hines*, 2015 WL 5664856, at *2–3; *see also* Register of Actions, *State v. Hines*, No. 27-cr-13-

---

[1] The factual circumstances giving rise to these crimes are detailed in the Minnesota Court of Appeals's opinion. *See State v. Hines*, No. A14-1944, 2015 WL 5664856, at *1–2 (Minn. Ct. App. Sept. 28, 2015). But because this Report and Recommendation hinges on the procedural posture of Hines's conviction and subsequent filings in state courts, those facts are not repeated here and are not relevant to the issues before this Court.

20179 (Minn. Dist. Ct.). Hines was sentenced to "360 months in prison with lifetime conditional release for the conviction of first-degree criminal sexual conduct and to a consecutive term of one year and one day for the terroristic-threats conviction." *Hines*, 2015 WL 5664856, at *3. Hines appealed, both through counsel and by filing a pro se supplemental brief, on the following grounds:

> (1) the district court abused its discretion by admitting relationship evidence that was irrelevant and highly prejudicial; (2) the district court plainly erred by allowing non-qualified witnesses to testify as experts; (3) the district court erred by not sentencing the offenses in the order in which they occurred; (4) his conviction was obtained through perjured testimony; (5) the state did not comply with discovery requests and offered fabricated evidence; and (6) his Sixth Amendment right to effective assistance of counsel was violated.

*Id.* at *1. On September 28, 2015, the Minnesota Court of Appeals reversed and remanded the case for resentencing, finding that "the district court erred in sentencing the criminal-sexual-conduct offense before terroristic threats."[2] *Id.* at 1. The Court of Appeals affirmed in all other respects. *See generally id.* Hines did not petition the Minnesota Supreme Court for review. Order ¶ 1, *State v. Hines*, No. A14-1944 (Minn. Ct. App. Nov. 20, 2015). The Minnesota Court of Appeals issued its final judgment on December 28, 2015. (App.) [Doc. No. 15 at 198–99].

---

[2] Hines was resentenced on March 18, 2016. Register of Actions, *State v. Hines*, Case No. 27-cr-13-20179 (Minn. Dist. Ct.).

2

On February 2, 2016, Hines filed a petition for a writ of habeas corpus in state court pursuant to Minnesota Statute section 589.01.[3] (App. at 218–57). Hines alleged that on May 16, 2015, officers at Minnesota Correctional Facility – Stillwater ("MCF-Stillwater") "entered the petitioner's cell and a[n] act of asportation and exchanging of the petitioner's trial transcripts, and court documented records were unlawfully removed to help aid in a wrongful conviction, and cover up the constitutional violation this petitioner spoke about in his brief." (*Id.* at 223). Hines identified four specific grounds for seeking habeas relief: (1) the court was defrauded based on the May 2015 events; (2) prosecutors knowingly used perjured testimony; (3) the prosecutor lied to the court; (4) ineffective assistance of trial counsel; and (5) the government withheld exculpatory evidence. (*Id.* at 222–57). The petition was dismissed without prejudice, using a form that stated that the action was "frivolous and malicious" because "[i]t ha[d] no arguable basis in law or in fact." (*Id.* at 260). The state habeas case was re-opened two months later when Hines paid the filing fee. (*Id.* at 262). Nonetheless, a few days later, Hines appealed the order dismissing his petition. *See* (*id.* at 265). The Court of Appeals ordered supplemental briefing regarding whether the district court's order dismissing the petition was a final order for the purposes of appeal, in consideration of Hines's payment of the filing fee and subsequent re-opening of the case in district court. (*Id.* at 265–69). On May 16, 2016, however, the appeal was

---

[3] A person imprisoned or otherwise restrained of liberty, except persons committed or detained by virtue of the final judgment of a competent tribunal of civil or criminal jurisdiction, or by virtue of an execution issued upon the judgment, may apply for a writ of habeas corpus to obtain relief from imprisonment or restraint. For purposes of this section, an order of commitment for an alleged contempt or an order upon proceedings as for contempt to enforce the rights or remedies of a party is not a judgment, nor does attachment or other process issued upon these types of orders constitute an execution.

Minn. Stat. § 589.01.

dismissed based on Hines's notice of voluntary dismissal. (*Id.* at 270). The district court's Register of Actions reflects that this case is now closed. (*Id.* at 272–75).

### B. Background in Federal Court

Hines filed his Petition in federal court on July 5, 2016, raising five grounds for relief: (1) fraud on the court based on MCF-Stillwater officers exchanging Hines's trial transcripts, records, and briefs in his cell; (2) Hines's conviction was based on M.T.'s perjured testimony; (3) the prosecutor lied to the court; (4) ineffective assistance of trial counsel; and (5) the government withheld exculpatory evidence. (Pet. at 6–13).[4]

Respondent moved to dismiss on August 18, 2016, arguing all of Hines's claims are procedurally defaulted. (Mot. to Dismiss). Hines filed a response. (Pet'r's Traverse to Resp. to Order to Show Cause, "Resp.") [Doc. No. 20].

The Court finds Hines's claims are unexhausted or procedurally defaulted. Therefore, the Court recommends the Motion to Dismiss be granted and the case dismissed.

## II. DISCUSSION

### A. Legal Standard

A federal district court may entertain a state prisoner's application for a writ of habeas corpus only when the petitioner has exhausted the state court remedies. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). The exhaustion requirement has been summarized as follows:

> Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights. To provide the State with the necessary opportunity, the prisoner must fairly present his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim.

---

[4] The page numbers referred in the Petition are those assigned by CM/ECF.

*Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal citations and quotation marks omitted). Accordingly, to exhaust his state court remedies, a petitioner must fairly present his constitutional claims to the highest available state court before seeking relief in federal court. *O'Sullivan*, 526 U.S. at 845. Claims are considered fairly presented "if the state court rules on the merits of [a petitioner's] claims, or if [the petitioner] presents his claims in a manner that entitles him to a ruling on the merits." *Gentry v. Lansdown*, 175 F.3d 1082, 1083 (8th Cir. 1999). Thus, a claim has not been fairly presented if a state appellate court expressly declines to address it on the merits because the petitioner violated state procedural rules. *Hall v. Delo*, 41 F.3d 1248, 1250 (8th Cir. 1994).

When a petition contains claims that have not been fairly presented, a court must determine whether state procedural rules would allow hearing on the merits. *McCall v. Benson*, 114 F.3d 754, 757 (8th Cir. 1997). Generally, "[w]hen a state court remedy is available for a state prisoner's unexhausted claim, the federal habeas court must defer action until the claim is exhausted, either by dismissing the federal petition without prejudice or by using the 'stay and abeyance' procedure described in *Rhines v. Weber*, [544 U.S. 269] . . . (2005)." *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005).

If, however, the state's procedural rules preclude a hearing on the merits, the petitioner has procedurally defaulted and federal habeas review of that claim is precluded. *McCall*, 114 F.3d at 757. Thus, when a petitioner has not exhausted the state court remedies for a claim and state procedural rules preclude any further attempts to satisfy the exhaustion requirement as to that claim, then the claim is not truly unexhausted; rather, the claim is procedurally defaulted. *See id*. A state prisoner's claims may also be procedurally defaulted, preventing federal habeas review, when the state courts have declined to address the prisoner's federal claims on an

5

"independent and adequate state procedural ground." *Coleman v. Thompson*, 501 U.S. 722, 730–32 (1991).

A federal court may not review a procedurally defaulted claim on its merits unless a petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. The fundamental miscarriage of justice exception that permits a federal court to review an otherwise procedurally defaulted claim is "explicitly tied . . . to the petitioner's innocence." *Schlup v. Delo*, 513 U.S. 298, 321 (1995). The petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id.* at 327 (internal quotation marks omitted). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of . . . new evidence." *Id.*

### B. Analysis

The claims Hines raises in his Petition fall into two categories: claims addressed by the Minnesota Court of Appeals, and his "fraud on the court" claim. The Court discusses each category in turn.

#### 1. Claims Addressed by the Minnesota Court of Appeals

##### a. Exhaustion and Procedural Default

The majority of the grounds raised in Hines's Petition—his conviction was based on M.T.'s perjured testimony; the prosecutor lied to the court; ineffective assistance of trial counsel; and the government withheld exculpatory evidence—were addressed by the Minnesota Court of Appeals. *Hines*, 2015 WL 5664856, at *6–8. Hines, however, did not petition the Minnesota Supreme Court for review. Because a petitioner must exhaust state remedies, including seeking

6

review from "a state supreme court with powers of discretionary review," these claims are unexhausted. *Baldwin*, 541 U.S. at 29.

The Court next considers whether a state procedural rule precludes a hearing on the merits. *McCall*, 114 F.3d at 757. Minnesota law provides that all matters raised in a petitioner's direct appeal and all claims known but not raised are barred from consideration in a subsequent post-conviction petition. *Id.* (citing *State v. Knaffla*, 243 N.W.2d 737, 741 (Minn. 1976)). This is often referred to as the *Knaffla* rule. *See Powers v. State*, 731 N.W.2d 499, 502 (Minn. 2007).

Under *Knaffla*, Minnesota law prevents further review of Hines's claims reviewed by the Court of Appeals. Those claims are procedurally defaulted because Hines knew of the claims (and in fact, raised them before the Minnesota Court of Appeals) but failed to raise it before the Minnesota Supreme Court. *See id.* at 502; *see also McCall*, 114 F.3d at 757–58.

      **b.**  **Cause and Prejudice**

The Court next considers whether cause and prejudice or a miscarriage of justice excuses Hines's procedural default. *McCall*, 114 F.3d at 758. To establish cause, a petitioner must point to an external factor that "made compliance impracticable." *Coleman,* 501 U.S. at 753 (internal quotation marks omitted). Hines argues that procedural default should be excused because his appellate counsel misinformed him regarding the procedures for petitioning the Minnesota Supreme Court for review. (Resp. at 23, 25). Specifically, Hines asserts that appellate counsel told him both that "the next step is to petition the Minnesota Supreme Court for Review" and "you certainly do not have to petition the Supreme Court for review." (*Id.* at 23) (internal quotation marks omitted); *see also* (Exs.) [Doc. No. 21-1 at 1][5] (Sept. 28, 2015 letter from appellate counsel to Hines). Hines told appellate counsel not to file "anything" and that he was

---

[5]   The page numbers cited to with respect to Hines's Exhibits are those assigned by CM/ECF.

fired. (Resp. at 24); *see also* (Exs.) [Doc. No. 21-1 at 2] (Oct. 5, 2015, letter from Hines to appellate counsel). In other words, Hines's argument is that his cause for the procedural default was ineffective assistance of appellate counsel.

Ineffective assistance of counsel cannot serve as cause to excuse a procedural default, unless the proffered ineffective assistance argument has been fairly presented to the state courts as an independent challenge to the validity of the conviction or sentence at issue. *Edwards v. Carpenter,* 529 U.S. 446, 452 (2000) ("'[A] claim of ineffective assistance' . . . must 'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.'") (quoting *Murray v. Carrier,* 477 U.S. 478, 489 (1986)); *see also Bailey v. Mapes,* 358 F.3d 1002, 1004 (8th Cir. 2004) (stating that "[a]lthough constitutionally ineffective assistance can serve as a 'cause' excusing a procedural default, the ineffective assistance claim must be raised in the state postconviction proceedings before it can be relied upon in a federal habeas proceeding."). Hines has not presented an ineffective assistance of appellate counsel claim to any state court and therefore, ineffective assistance of appellate counsel cannot serve as cause to excuse his procedural default.

The Court need not consider any prejudice argument because Hines does not demonstrate cause. *McCall*, 114 F.3d at 758. Further, Hines submits no new evidence showing a constitutional error that resulted in Hines's conviction for a crime of which he is actually innocent to support an argument that a miscarriage of justice has occurred. *See Schlup*, 513 U.S. at 327.

      **2.**    **Fraud on the Court**

Hines alleges that on May 16, and 24, 2015, a prison guard at MCF-Stillwater "took-changed Hines' trial transcripts, records, and briefs, aiding the state with a fraud on the court."

(Pet. at 6). Hines does not specify how the court was defrauded. *See* (*id.*). At the time of these incidents, the briefs of both Hines and his counsel had been filed with the Court of Appeals. Case Management System, Minn. Appellate Cts., http://macsnc.courts.state.mn.us/ctrack/publicLogin.jsp (click "Accept" and search for case number A14-1944) (last visited Dec. 2, 2016). To the extent Hines argues that these events "hinder[ed] and interfer[ed] with [his] direct appeal," the argument does not make sense because as of May 2015, his appeal was submitted to the Minnesota Court of Appeals. *See* (Resp. at 15). To the extent he alleges the Minnesota Court of Appeals erred based on documents it received, his remedy was to petition the Minnesota Supreme Court for review, which he declined to do. *See* (Pet. at 6). It is far from clear that the events of May 2015 prevented him from doing so.

Hines raised this claim in his state court habeas petition, and in his appeal of that decision to the Minnesota Court of Appeals. (App. at 223); (Exs.) [Doc. No. 21-1 at 50–53]. The appeal was voluntarily dismissed, and the claim was not presented to the Minnesota Supreme Court.[6] *See* (App. at 270). Therefore, the claim is unexhausted. *See Baldwin*, 541 U.S. at 29.

The Court next considers whether a state procedural rule precludes a hearing on the merits as to Hines's fraud on the court argument. *McCall*, 114 F.3d at 757. Hines's state court habeas case was initially dismissed without prejudice, then reinstated, and then closed upon Hines's voluntary dismissal of his appeal. (App. at 260, 262, 270). It is unclear whether Hines is eligible to re-open his state court habeas case, or file a subsequent state court habeas petition if the operative dismissal was without prejudice.

---

[6] Although Hines argues he petitioned "the Minnesota Supreme Court for discretionary review," that was not the appropriate appellate court. *See* (Resp. at 26); *see also* Minn. Stat. § 589.29 (stating that "[a] party aggrieved by the final order in proceedings upon a writ of habeas corpus may appeal to the Court of Appeals as in other civil cases"); (App. at 265) (Court of Appeals Order construing Hines's document filed in the Minnesota Supreme Court as an appeal to the Court of Appeals under section 589.29).

Additionally, the *Knaffla* rule precluding post-conviction review of claims that could have been raised on direct appeal does not apply. *See* 243 N.W.2d at 741. Because the incidents took place in May 2015—after Hines filed and briefed his appeal— Hines could not have known about this claim at the time of his direct appeal. *See id*. It is not clear whether Hines would be eligible for post-conviction relief under his fraud on the court claim. An individual may seek post-conviction relief when alleging

> (1)   the conviction obtained or the sentence or other disposition made violated the person's rights under the Constitution or laws of the United States or of the state; or
>
> (2)   scientific evidence not available at trial, obtained pursuant to a motion granted under subdivision 1a, establishes the petitioner's actual innocence.

Minn. Stat. § 590.01, subdiv. 1. Hines provides no description of the impact the events of May 2015 had on his ability to pursue his claims in state court. As stated above, in May 2015, Hines's direct appeal before the Minnesota Court of Appeals was fully briefed, and he does not argue that the May 2015 events prevented him from petitioning the Minnesota Supreme Court for review. Thus, it appears that Hines could not seek post-conviction relief based on his conviction.

Hines was, however, resentenced on March 18, 2016. *See* Register of Actions, *State v. Hines*, No. 27-cr-13-20179 (Minn. Dist. Ct.). In his Response, he makes several allegations regarding his resentencing, which was not part of his Petition before this Court. *See* (Resp. at 17–21). Thus, it appears that Hines may be able to petition for post-conviction relief based on alleged errors that occurred during the resentencing proceedings. Although Hines does not allege that the May 2015 events interfered with his ability to appeal his resentencing, in an abundance of caution, the Court recommends dismissal of this part of Hines's Petition without prejudice to

permit—at least procedurally—Hines to seek state habeas relief or post-conviction relief and return to federal court once state remedies are exhausted.[7]

Nothing in this Report and Recommendation should be construed as an opinion on the merits of Hines's fraud on the court claim, nor on the timeliness or propriety of any further litigation.[8] Instead, the Court merely intends to preserve Hines's rights to seek further redress with respect to this claim.

## III.   CERTIFICATE OF APPEALABILITY

A § 2254 habeas corpus petitioner cannot appeal a denial of his petition unless he is granted a Certificate of Appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

---

[7] Hines does not seek a stay, and the Court finds that it would not be appropriate to stay this case. A court may stay a federal habeas proceeding when a petition includes both exhausted and unexhausted claims. *Rhines v. Weber*, 544 U.S. 269, 277–78 (2005). But a "stay and abeyance" procedure "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* at 277. Even if a petitioner has good cause, however, a "district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." *Id.* Here, Hines makes no showing that he has good cause for failure to exhaust his state remedies. Even if he did, his claims are meritless because he does not specify how the events of May 2015 impacted his ability to seek redress from the state courts.

[8] Hines has a separate lawsuit in this District in which he seeks redress for the same claim under 42 U.S.C. § 1983. *See Hines v. Roy*, No. 16-cv-352 (DSD/SER) (D. Minn. filed Feb. 12, 2016). The Court recommended that Hines's complaint be dismissed for failure to state a claim, and that Report and Recommendation is now pending before the Honorable David S. Doty. *See* Order & R&R Dated Nov. 14, 2016, *Hines v. Roy*, No. 16-cv-352 (DSD/SER) [Doc. No. 123].

In this case, the Court finds it unlikely that any other court, including the Eighth Circuit Court of Appeals, would decide Hines's claims any differently than they have been decided here. Hines has not identified (and the Court cannot independently discern) anything novel, noteworthy, or worrisome about this case that warrants appellate review. Therefore, the Court recommends that Hines not be granted a COA in this matter.

## IV. RECOMMENDATION

Based upon all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Respondent Michelle Smith's Motion to Dismiss Petition for Writ of Habeas Corpus [Doc. No. 12] be **GRANTED**;

2. Petitioner Fredrick Dewayne Hines's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [Doc. No. 1] be **DENIED**;

3. This action be **DISMISSED**; and

4. If this Report and Recommendation is adopted, a COA should not issue, and judgment should be entered accordingly.

Dated: December 5, 2016

                                                   *s/Steven E. Rau*
                                                  STEVEN E. RAU
                                                  United States Magistrate Judge

**Notice**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore, not appealable directly to the Eighth Circuit Court of Appeals.

Under D. Minn. LR 72.2(b)(1) "a party may file and serve specific written objections to a

magistrate judge's proposed findings and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after objections are filed; or (2) from the date a timely response is filed.