```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF MINNESOTA
                Civil No. 16-2345(DSD/SER)
```

Fredrick DeWayne Hines,

       Petitioner,

v.                                                      **ORDER**

Michelle Smith, Warden,

       Respondent.


This matter is before the court upon petitioner Fredrick Dewayne Hines's objection to the December 5, 2016, report and recommendation (R&R) of Magistrate Judge Steven E. Rau. In his report, the magistrate judge recommended that: (1) Hines's habeas petition be denied, and (2) a certificate of appealability should not issue. After a de novo review, the court finds that the R&R is well reasoned and correct.


**BACKGROUND**

The underlying facts are not in dispute and will not be repeated except as necessary. On September 25, 2014, the state district court convicted Hines of first-degree sexual conduct, third-degree criminal sexual conduct, terroristic threats, domestic assault, and second-degree assault. State v. Hines, No. A14-1944, 2015 WL 5664856, at *2-3 (Minn. Ct. App. Sept. 28, 2015). Hines, through counsel and a pro se supplemental brief, appealed, and the Minnesota Court of Appeals found that the district court erred in

sentencing the sexual conduct offense before the terroristic threats offense and remanded the case for resentencing.[1]  Id. at *1.  The court of appeals rejected Hines's other grounds for relief.  Hines did not seek a review of the decision by the Minnesota Supreme Court.

On February 2, 2016, Hines filed a habeas petition in state court raising many of the same grounds previously rejected by the court of appeals.  See Resp't App. at 218-55, ECF No. 15.  Hines also alleged that on May 16, 2015, officers at the Minnesota Department of Corrections entered his cell, exchanged court transcripts, and removed documents in an attempt to cover up the constitutional violations he alleged in the previous appeal.  Id. at 223.  Hines argued that his petition should be granted because these events defrauded the court of appeals.  Id.

---

[1]  Hines raised six grounds for appeal:

> (1) the district court abused its discretion by admitting relationship evidence that was irrelevant and highly prejudicial; (2) the district court plainly erred by allowing non-qualified witnesses to testify as experts; (3) the district court erred by not sentencing the offenses in the order in which they occurred; (4) his conviction was obtained through perjured testimony; (5) the state did not comply with discovery requests and offered fabricated evidence; and (6) his Sixth Amendment right to effective assistance of counsel was violated.

Id. at *1.

2

The state court dismissed the petition without prejudice, but the court later reopened the action when Hines paid the filing fee. Id. at 260, 262. Although the court reopened the case, Hines appealed the previous order dismissing his petition. Id. at 265. Hines, however, voluntarily dismissed the appeal. Id. at 270. The state court docket reflects that the habeas action was administratively closed and no order was issued in the case. See id. at 272-75.

On July 5, 2016, Hines filed a habeas petition pursuant to 28 U.S.C. § 2254 alleging that: (1) the May 2015 events at the Department of Corrections defrauded the court of appeals; (2) his conviction was based on perjured testimony; (3) the prosecutor misrepresented material facts; (4) trial counsel was ineffective; and (5) the prosecutor withheld exculpatory evidence. See ECF No. 1. The magistrate judge recommended that the petition be dismissed because, except for his fraud on the court claim, Hines's grounds for relief are procedurally defaulted.[2] See R&R at 5-7. Hines now objects to the R&R.

**DISCUSSION**

**A.   Objections**

Hines argues that the procedural default should be excused because a failure to address his claims will result in a

---

[2] The magistrate judge recommended that Hines's fraud on the court claim be dismissed without prejudice.

fundamental miscarriage of justice.  See Coleman v. Thompson, 501 U.S. 722, 750 (1991) (holding that a federal court may only hear defaulted claims where "the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or ... the failure to consider the claims will result in a fundamental miscarriage of justice").[3]

The fundamental miscarriage of justice exception applies when a petitioner shows that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Schlup v. Delo, 513 U.S. 298, 327 (1995) (citation and internal quotation marks omitted).  To meet this burden, a petitioner "must produce 'new *reliable* evidence' and 'must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence.'"  House v. Bell, 547 U.S. 518, 556 (2006) (Roberts, J., concurring) (emphasis in original) (quoting Schlup, 513 U.S. at 324, 327).  Hines has produced no new evidence suggesting that he is actually innocent.  As a result, Hines's claims, except for the fraud on the court claim, are procedurally defaulted, and the court dismisses the claims with prejudice.

Hines also objects to the dismissal of his fraud on the court claim without prejudice.  But Hines's objection simply reargues the merits, and he does not object to the R&R's conclusion that he has

---

[3] Hines does not object to the magistrate judge's conclusion that his claims are procedurally defaulted and that he has failed to show cause for the default.

failed to exhaust this claim in state court. After a careful review, the court agrees with the R&R's conclusion that the fraud on the court claim should be dismissed without prejudice.[4]

**B.   Certificate of Appealability**

To warrant a certificate of appealability, a petitioner must make a "substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2). A "substantial showing" requires a petitioner to establish that "reasonable jurists" would find the court's assessment of the constitutional claims "debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 483–84 (2000). As discussed, the court is firmly convinced that Hines's petition merits dismissal, and that reasonable jurists could not differ. Therefore, a certificate of appealability is not warranted.

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. The objection [ECF No. 38] to the report and recommendation is overruled;

2. The report and recommendation [ECF No. 37] is adopted in

---

[4] Hines also filed a motion for an extension of time and a transfer to another prison or location within the prison. Because Hines submitted his objection, the motion for an extension of time will be denied as moot. Further, the request to transfer Hines to another prison is denied because his location is at the discretion of the Bureau of Prisons.

its entirety;

    3. Respondent's motion to dismiss [ECF No. 12] is granted;

    4. The petition for a writ of habeas corpus [ECF No. 1] is denied;

    5. The motion for an extension of time [ECF No. 39] is denied as moot;

    6. The case is dismissed without prejudice to the extent indicated above; and

    7. Pursuant to 28 U.S.C. § 2253, the court denies a certificate of appealability.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 30, 2017

                                        s/David S. Doty
                                        David S. Doty, Judge
                                        United States District Court